```
              UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| ANTHONY PARISI, | : | **CIVIL NO. 1:10-CV-01069** |
| Petitioner | : | (Judge Conner) |
| v. | : | (Magistrate Judge Smyser) |
| WILLIAM SCISM, | : | |
| Respondent | : | |

**REPORT AND RECOMMENDATION**

The issue in this habeas case is whether the Bureau of Prisons has accurately computed the amount of time that petitioner Anthony Parisi must serve on his federal sentences.

On November 8, 2005, the petitioner was convicted in the United States District Court for the Northern District of New York of conspiracy to possess with intent to distribute and distribution of MDMA (methylenedioxymethamphetamine or ecstasy). *Doc. 5-2* at 15. He was sentenced to imprisonment for a total term of 27 months to be followed by a three-year term of supervised release. *Id.* at 16-17.

On June 12, 2007, the petitioner was convicted in the United States District Court for the Northern District of New York of conspiracy to distribute marijuana. *Doc. 5-2* at 24. At the sentencing hearing, petitioner's counsel requested that the petitioner's sentence run concurrent:

> I also, Judge, would ask that the Court, under 5G1.3, run the sentence concurrent to the prior undischarged term, to the extent possible. And I think Anthony qualified for that. He is still in jail. His prior sentence is not up. My understanding is that he's been in since November of '05 on a 27 month sentence; my understanding is that his release is due sometime in August of September.

*Doc. 1-3* at 9-10. On the issue of concurrent sentences, Judge McAvoy stated: "Now, I'm going to grant your attorney's application with respect to the concurrent sentence. And that will be some small help." *Id.* at 12. Judge McAvoy subsequently stated as follows:

> Upon your plea of guilty to Count 1 of the Indictment, it's the judgment of this Court that you are hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 60 months. This sentence shall run concurrent to any discharged term of imprisonment.

*Id.* at 12-13.

The Judgment provides that the petitioner "is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: 60 months, such sentence to run concurrently with any undischarged term of imprisonment." *Doc. 5-2* at 25.

According to the most-recent calculation of the petitioner's sentence by the Bureau of Prisons, the petitioner's projected release date is September 9, 2011 via Good Conduct Time release. *Doc. 5-2, Davis Decl.* at ¶8.

On May 19, 2010, the petitioner, proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The respondent filed a response to the petition on June 14, 2010, and the petitioner filed a reply on June 28, 2010.

The petitioner claims that the Bureau of Prisons has failed to properly calculate his sentence. He claims that the Bureau of Prisons has failed to run his June 12, 2007 sentence completely concurrent to his earlier federal sentence.

3

Although a challenge to a sentence as imposed must be made to the sentencing court, a challenge to a sentence as executed by prison officials may be made by a § 2241 petition for a writ of habeas corpus. *Gomori v. Arnold*, 533 F.2d 871, 874 (3d Cir. 1976).

The respondent has set forth how the Bureau of Prisons has calculated the petitioner's sentences. Despite the seemingly complex calculations of the Bureau of Prisons, *doc. 5-2, Davis Decl.* at ¶8, in essence the Bureau of Prisons calculated the petitioner's June 12, 2007 sentence to start on June 12, 2007 thereby running that sentence concurrent to the petitioner's earlier sentence only to the extent of the time remaining on the earlier sentence.

The petitioner contends that Judge McAvoy intended the June 12, 2007 sentence to be fully or retroactively concurrent to the petitioner's earlier sentence. The petitioner cites to *Ruggiano v. Reish*, 307 F.3d 121, 131 (3d Cir. 2002).

4

In *Ruggiano*, the United States Court of Appeals for the Third Circuit held that under Sentencing Guideline § 5G1.3(c) the sentencing court may adjust a defendant's sentence so as to account for time served on an unrelated state sentence. In *Ruggiano*, in response to a request from defense counsel to run the federal sentence concurrent to a state sentence, the trial court stated: "It doesn't sound as if he has much time to go on the state sentence. But I think it makes sense to go ahead and recommend that it be served concurrently and that he receive credit for the amount of time he has served there." *Id.* at 125. The sentencing court's written judgment in *Ruggiano* provided: "The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 112 months. Sentence imposed to run concurrent with State sentence. Defendant to receive credit for time served." *Id.* In *Ruggiano*, the Third Circuit determined that although he did not mention Sentencing Guideline § 5G1.3(c), the sentencing judge intended to adjust the defendant's sentence pursuant to Sentencing Guideline § 5G1.3(c) to account for time served on the unrelated state sentence. *Id.* at 134. The Third Circuit

5

held that the BOP's failure to implement the sentence imposed by the sentencing court mandated habeas corpus relief under § 2241. *Id.* at 136.

In the instant case, Judge McAvoy indicated both at sentencing and in the judgment that the petitioner's 60-month sentence was to run concurrently with his prior sentence. However, there is no indication that Judge McAvoy intended the sentence to be retroactively concurrent with the prior sentence. Judge McAvoy did not, for example, state that he was adjusting the petitioner's sentence to make it fully or retroactively concurrent with the earlier sentence. Nor did Judge McAvoy state that he was granting credit for the time already served or a downward departure to make the sentence fully or retroactively concurrent. Accordingly, we conclude that the Bureau or Prison correctly calculated the petitioner's June 12, 2007 sentence to be concurrent to the petitioner's earlier sentence only to the extent of the time remaining on the earlier sentence.

The petitioner points to a letter from a deputy clerk of the United States District Court for the Northern District of New York responding to a letter to Judge McAvoy from the petitioner in which the petitioner stated that Bureau of Prisons failed to properly calculate his sentence. The letter from the deputy clerk advised the petitioner that his inquiry is being forwarded to the Bureau or Prisons Designation and Sentence Computation Center, that the court is unable to provide him with legal assistance on how to proceed but that he may file appropriate papers with the court. *Doc. 1-3* at 24. The petitioner contends that this letter supports an inference that Judge McAvoy agrees with his contention that the Bureau of Prisons has not calculated his sentence in accordance with the judge's intentions. However, the letter does not support such an inference. There is nothing in the letter that indicates that Judge McAvoy agrees with the petitioner's contention.

Based on the foregoing, it is recommended that the petition for a writ of habeas corpus be denied and that the case file be closed.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated: July 19, 2010.